# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 3111 | **DATE** | 5/31/2013 |
| **CASE TITLE** | Vance Laster (#2011-0527094) vs. Reyes, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff has paid the filing fee. The Clerk shall: (1) dismiss Defendant Superintendent Reyes, (2) issue summons for service of the complaint on Defendant Superintendent Thomas, and (3) attach a Magistrate Judge Consent Form to the summons for Defendant. Plaintiff's motion for attorney representation [4] is granted. The Court recruits Arthur R. Ehrlich of Arthur & Ehrlich, 19 South Lasalle Street, Suite 1500, Chicago, Illinois, 60603, (312) 332-6733, to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rules.

■[For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, Vance Laster, a pretrial detainee at Cook County Jail, brings this *pro se* civil rights pursuant to 42 U.S.C. § 1983. Plaintiff has paid the filing fee.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the complaint.

Plaintiff alleges that on June 19, 2012, while housed at Cook County Jail, he noticed how "nasty and unsanitized" the shower area was and that the faucet in his cell was corroded and had masking tape "all over it." Plaintiff filed a grievance on both issues and he received a response to that grievance that the showers are power-washed every week and that a work order would be issued to address Plaintiff's faucet. While the response indicated that the shower area had been power-washed on June 21, 2012, the next power-wash was not until July 5, 2012 - more than one week. Plaintiff alleges that even though it is Superintendent Reyes's "job" to walk the tiers, he never came to see Plaintiff about his complaints.

On September 12, 2012, Plaintiff was moved from a "regular" maximum security division to a "stricter" division, even though he had not received a disciplinary report. On September 16, 2012, Plaintiff was placed in a cell that had a broken window. Plaintiff complained to Superintendent Thomas about the broken window and the cold in his cell during the winter months but Superintendent Thomas failed to have the window fixed or provide extra blankets. Plaintiff endured months in the cold cell.

Plaintiff has sufficiently pled a claim based on the conditions of his confinement against Superintendent Thomas. However, Plaintiff has not pled a claim against Superintendent Reyes. Liability under the Civil Rights Act requires a defendant's personal involvement in the alleged constitutional violation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Although direct participation is not required, there must be at least a showing that the individual acquiesced in some demonstrable manner in the alleged constitutional violation. *See Palmer*, 327 F.3d at 594; *see also Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002) (a supervisory official cannot be held liable for the conduct of his subordinates based upon a theory of respondeat superior, and a complaint's allegations must indicate that the supervisory official was somehow personally involved in the constitutional deprivation). There are no allegations that Superintendent Reyes even knew

| STATEMENT |
|---|
| about Plaintiff's complaints regarding the shower area or the faucet in his cell. Accordingly, Superintendent Reyes is dismissed from this action. Plaintiff may proceed on his claim regarding the conditions of his confinement in a cell with a broken window against Superintendent Thomas.<br><br>     The United States Marshals Service is appointed to serve Defendant Superintendent Thomas. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve the Defendant. With respect to any former Cook County Jail employee who can no longer be found at the work address provided by Plaintiff, the County of Cook shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.<br><br>     Plaintiff's motion for attorney representation is granted. The Court recruits Arthur R. Ehrlich of Arthur & Ehrlich, 19 South Lasalle Street, Suite 1500, Chicago, Illinois, 60603, (312) 332-6733, to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rules. |